# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| GARY L. BRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. |
| vs. | ) |
| | ) |
| TIRE CENTERS, LLC, | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for discriminatory termination instituted pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.* ("ADEA") and the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq*. The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Gary L. Brand ("Plaintiff") timely filed his charge of discrimination against defendant Tire Centers, LLC ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Madison County, Alabama.

4. Defendant is a corporation headquartered in Duncan, South Carolina and an employer as that term is contemplated under the ADEA and ADA.

## III. FACTS

5. Plaintiff was born in 1957.

6. Defendant is a wholly owned subsidiary of Michelin North American and sells and services various types of automotive and heavy equipment tires.

7. In August of 2001, Plaintiff was hired by Defendant as a commercial salesperson working out of its commercial center in Decatur, Alabama.

8. Plaintiff suffers from macular degeneration, a disorder that causes the deterioration of the central portion of the retinas in one's eyes.

9. Plaintiff suffered from macular degeneration prior to his employment with Defendant and disclosed it prior to his being hired.

10. In 2009, Plaintiff's vision had deteriorated from the macular degeneration to the point that he was no longer able to drive.

11. Plaintiff was nevertheless able to continue performing the essential functions of his job, with provision by Defendant of a computer software program that enlarged text on his work computer screen.

12. In the summer of 2015, Josh Jarvis became sales manager over Plaintiff's region and his supervisor.

13. Jarvis was in his mid-forties at the time.

14. In the fall of 2015, Shawn Harvey transferred to the Decatur branch from a branch of Defendant in West Virginia.

15. Harvey, also a salesperson, was in his early thirties at the time.

16. Upon information and belief, Harvey was and is not disabled under the ADA.

17. In April and May of 2016, Jarvis attempted to transfer Plaintiff's two largest accounts, Vulcan Materials and Stein, Inc., to Harvey.

18. Plaintiff, whose compensation included commissions, adamantly opposed the reassignment.

19. On or about July 20, 2016, Jarvis and Lindsey Burriello, Defendant's then-Senior Regional Human Resources Manager, met with Plaintiff.

20. Burriello told Plaintiff that Defendant was "put[ting]" him in "early retirement" and that he would be provided with a severance agreement.

21. Plaintiff advised that he was did not want to retire and asked if he had any other option.

22. Jarvis told him that he did not, that Defendant was "moving forward" with a "different approach" to sales.

23. Jarvis did not elaborate on what that meant.

24. Defendant thereafter announced that Plaintiff was "retiring," effective July 31, 2016.

25. Plaintiff was qualified for his position and had been performing in it at least satisfactorily.

26. Harvey took over the bulk of Plaintiff's accounts, including Vulcan Materials and Stein, Inc.

## IV. CAUSES OF ACTION

### COUNT I- ADEA

27. Paragraphs 1-26 above are incorporated by reference.

28. Defendant violated Plaintiff's rights under the ADEA by terminating his employment because of his age.

29. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and other benefits.

21. Plaintiff advised that he was did not want to retire and asked if he had any other option.

22. Jarvis told him that he did not, that Defendant was "moving forward" with a "different approach" to sales.

23. Jarvis did not elaborate on what that meant.

24. Defendant thereafter announced that Plaintiff was "retiring," effective July 31, 2016.

25. Plaintiff was qualified for his position and had been performing in it at least satisfactorily.

26. Harvey took over the bulk of Plaintiff's accounts, including Vulcan Materials and Stein, Inc.

## IV. CAUSES OF ACTION

### COUNT I- ADEA

27. Paragraphs 1-26 above are incorporated by reference.

28. Defendant violated Plaintiff's rights under the ADEA by terminating his employment because of his age.

29. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's employment acts as described herein violated the ADEA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under the ADEA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by re-instating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, ordering Defendant to pay liquidated damages as a jury may assess, and awarding Plaintiff an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(iv)  That the Court award such other available legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT II- ADA

30.  Paragraphs 1-26 are incorporated herein.

31.  Plaintiff's macular degeneration constituted a physical impairment under the ADA.

32.  Due to this impairment, Plaintiff was and is substantially limited with respect to the major life activity of vision.

33.  Plaintiff was and is disabled under the ADA.

34.  Plaintiff was a qualified individual able to perform the essential functions of his position, with accommodation.

35.  Defendant violated Plaintiff's rights under the ADA by terminating his employment because of his disability.

36.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-instating Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and ordering that Plaintiff be awarded an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

    Respectfully submitted,

    s/ Adam M. Porter
    Adam M. Porter
    Attorney for Plaintiff
    Alabama Bar ID: ASB-2472-P75A
    2301 Morris Avenue, Suite 102
    Birmingham, Alabama 35203
    Phone: (205) 322-8999
    Facsimile: (205) 402-4619
    Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Tire Centers, LLC
c/o CT Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104